UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR MARTIN ROCHA,        )<br>                              )<br>         Petitioner,         )<br>                              )<br>    v.                        )<br>                              )<br>JAMES D. HARTLEY, Warden,     )<br>                              )<br>         Respondent.          )<br>_____) | 1:11-cv–01721-AWI-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO<br>DISMISS THE PETITION WITHOUT<br>LEAVE TO AMEND FOR FAILURE TO<br>STATE FACTS ENTITLING THE<br>PETITIONER TO RELIEF PURSUANT TO<br>28 U.S.C. § 2254 (Doc. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO<br>DECLINE TO ISSUE A CERTIFICATE OF<br>APPEALABILITY AND TO DIRECT THE<br>CLERK TO CLOSE THE CASE |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.  Pending before the Court is the petition, which was filed on September 30, 2011, and transferred to this division of this Court on October 17, 2011.

    I.   Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the Avenal State Prison serving a sentence imposed in 2010 in the Fresno

1  County Superior Court for driving under the influence of alcohol,
2  causing injury, and leaving the scene of an accident.  (Pet. 2.)
3  Petitioner's sole claim is that his Fifth and Fourteenth
4  Amendment right to counsel was violated when, after his nolo
5  contendere plea and before sentencing, he was interviewed by a
6  probation officer without the presence of counsel and without
7  being advised of his right to have counsel present.  (Id. at 5-
8  6.)

         II.  <u>Failure to State Facts Entitling Petitioner to Relief
              with Respect to the Absence of Counsel at the
              Pre-sentence Probation Interview</u>

    The Sixth and Fourteenth Amendments guarantee the right to counsel only at critical stages of the criminal proceedings, which are the points where substantial rights of the accused may be affected.  <u>Kirby v. Illinois</u>, 406 U.S. 682, 690 (1972); <u>Mempa v. Rhay</u>, 389 U.S. 128, 134 (1967).  A denial of the Sixth and Fourteenth Amendment right to counsel can result in reversal only if the absence of counsel occurs at a critical stage in the adversary proceedings; if the stage is not critical, then there can be no constitutional violation.  <u>Wainwright v. Torna</u>, 455 U.S. 586, 587-88 (1982) (no deprivation of the effective assistance of counsel could have occurred because there was no constitutional right to counsel in proceedings for discretionary state post-conviction review).  The United States Supreme Court has not provided a definitive list of the critical stages of a criminal prosecution.  <u>See</u>, <u>United States v. Benford</u>, 574 F.3d 1228, 1232 (9th Cir. 2009).

    Generally, with respect to sentencing, the assistance of counsel is guaranteed only when the defendant is confronted by

1  agents of the prosecution who have an adversarial role in the
2  sentencing process; in contrast, in pre-sentence interviews, a
3  probation officer is not an agent of the prosecution, has no
4  adversarial role in the sentencing proceedings, and acts as a
5  neutral gatherer of information for the court.  United States v.
6  Leonti, 326 F.3d 1111, 1119-20 (9th Cir. 2003) (distinguishing
7  probation interviews from the process of an accused's rendering
8  substantial assistance to the prosecution).  Thus, it has been
9  held that a post-guilty plea, pre-sentence interview in a non-
10 capital case is not a critical stage of adversary criminal
11 proceedings.  United States v. Benlian, 63 F.3d 824, 827-28 (9th
12 Cir. 1995) (noting that the issue was effectively waived in the
13 case before the court, but confirming the vitality of the pre-
14 guidelines holding of Baumann v. United States, 692 F.2d 565 (9th
15 Cir. 1982) that a routine, pre-sentence interview of a person
16 convicted of a non-capital federal offense is not a critical
17 stage at which counsel's presence or advice is necessary to
18 protect the defendant's right to a fair trial); but see United
19 States v. Herrera-Figueroa, 918 F.2d 1430, 1433 (9th Cir. 1991)
20 (declining to decide whether pre-sentence interviews were a
21 critical stage for Sixth Amendment purposes but exercising the
22 court's supervisory power to require probation officers to permit
23 defense counsel to accompany federal defendants to all pre-
24 sentence interviews).

25      Further, if a pre-sentence interview is not a critical stage
26 for Sixth Amendment purposes, it follows that the probation
27 officer's failure to advise Petitioner of a non-existent right to
28 counsel could not have constituted a violation of the Sixth and

4

Fourteenth Amendments.  Cf. Baumann, 692 F.2d at 577 (concluding that because a probation interview was not inherently coercive, a probation officer need not give Miranda warnings).

Here, Petitioner alleges that as a defendant in a non-capital case, he was subjected to a post-plea, pre-sentence probation interview without the assistance of counsel and without having been advised of his right to counsel.  However, Petitioner was not entitled to counsel at the interview, which was not a critical stage of the adversary proceedings.  Therefore, Petitioner has not stated specific facts that entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254.

Because the defect in the claim concerns the nature of the claim and not the absence of any specific facts, granting leave to Petitioner to amend to state more specific facts would be futile.  Therefore, it will be recommended that the petition be dismissed without leave to amend.

### III.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

5

to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, it will be recommended that the Court decline to issue a certificate of appealability.

IV. <u>Recommendations</u>

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED

6

without leave to amend for failure to state facts entitling Petitioner to relief pursuant to 28 U.S.C. § 2254; and

    2) The Court DECLINE to issue a certificate of appealability; and

    3) The Clerk of the Court be DIRECTED to close the action because dismissal would terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 25, 2011**        /s/ **Barbara A. McAuliffe**
                                             UNITED STATES MAGISTRATE JUDGE